IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3147-D

| WILLIE MATTHEWS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| CLIFF O'MALLER, et al., | ) | |
| Defendants. | ) | |

Willie Matthews ("Matthews" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis under 28 U.S.C. § 1915, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On October 22, 2010, in response to the court's October 13, 2010 order, Matthews filed an amended complaint [D.E. 7]. On November 19, 2010, the court dismissed the action without prejudice for failure to state a claim [D.E. 9]. On December 20, 2010, Matthews filed a motion for reconsideration [D.E. 10]. On February 16, 2011, Matthews filed a supplement to his motion for reconsideration [D.E. 11].

Matthews seeks reconsideration on the ground that "if I was the judge I would want to hear this case due to how crazy it sound[s]" and "someone should look in to it." Mot. Reconsider 2. Matthews also asserts that he has "been in prison for al[most] 18 years without being charge[d]."[1] Id. at 3.

---

[1] The court takes judicial notice that Matthews was convicted on October 16, 1991, in Onslow County of several firearms-related charges, and sentenced as a habitual felon to a lifetime term of imprisonment. See Dep't of Corr., Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0261055 (last visited Apr. 25, 2011). The North Carolina appellate courts have reviewed and affirmed Matthews's convictions. See State v. Matthews, 130 N.C. App. 342, 505 S.E.2d 924 (1998) (table), cert. denied, 350 N.C. 103, 533 S.E.2d 474 (1999).

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Matthews has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent Matthews seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... [or] fraud, ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule

60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Matthews has failed to establish a meritorious claim or defense. Accordingly, Matthews fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Matthews's motion for reconsideration [D.E. 10].

SO ORDERED. This 25 day of April 2011.

*James Dever*
JAMES C. DEVER III
United States District Judge